*723 OPINION.
Trammell :
The petitioner contends that she is not liable, as a transferee of the property of the Western Holding Co., for the deficiency in tax of that company which the respondent proposes to assess against her.
Section 602 of the Revenue Act of 1928 provides in part as follows:
Title IX of the Revenue Act of 1924, as amended, is further amended, by adding at the end thereof two new sections to read as follows:
“ TRANSFEREE PROCEEDINGS
“ Sec. 912. In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax.”
The evidence shows that from May 15, 1914, until February 26, 1921, the petitioner loaned various sums of money to the Western Holding Co., the total of which amounted to $44,603.33, and that the amounts paid to her were only sufficient to reduce this total to $29,502.40, which amount is still owing to the petitioner. From the record it appears that the petitioner at no time received any more from the corporation than partial payment of its indebtedness to her, having no relation to any stockholder relationship, nor is there any evidence that the corporation paid over or distributed anything to the petitioner after the sale of its assets, or that the corporation was insolvent and without assets sufficient to pay the deficiency. The evidence of record is not sufficient to meet the burden of proof on the respondent to show the liability of the petitioner as transferee, conceding for the sake of argument that she was a stockholder of the corporation. Cf. G. C. Barkley et al., 19 B. T. A. 855.

Judgment will he entered for the petitioner.